# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

STEVEN L. BALDWIN,

        Petitioner,

v.                            CASE NO.  5:15cv18-RH/EMT

JULIE L. JONES,

        Respondent.

_____/

## ORDER DENYING THE PETITION, DENYING A
## CERTIFICATE OF APPEALABILITY, AND GRANTING
## LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS

This petition for a writ of habeas corpus under 28 U.S.C. § 2254 is before

the court on the magistrate judge's report and recommendation, ECF No. 23, the

objections, ECF Nos. 26 and 28, and a proffered "supplemental" petition. I have

reviewed de novo the issues raised by the objections. The report and

recommendation is correct and is adopted as the court's opinion, except as

modified by this order. Leave has not been granted to file the supplemental

petition, and, to the extent the supplemental petition raises new issues, it is barred

by the statute of limitations. *See* 28 U.S.C. § 2244(d).

A state-court jury convicted the petitioner Steven L. Baldwin on some charges and acquitted him on others. He asserts that his attorney rendered ineffective assistance. Under *Strickland v. Washington*, 466 U.S. 668 (1984), to prevail on an ineffective-assistance claim, a petitioner must show both deficient performance and prejudice.

A federal habeas court may set aside a state court's ruling on the merits of a petitioner's claim only if the ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the ruling "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1)-(2). A long and ever-growing line of cases addresses these standards. *See, e.g.*, *Williams v. Taylor*, 529 U.S. 362 (2000); *Morris v. Sec'y, Dep't of Corr.*, 677 F.3d 1117 (11th Cir. 2012).

The judge who presided over Mr. Baldwin's trial asked the parties' position on his tentative plan not to provide the jurors with notepads. Mr. Baldwin's attorney acquiesced, explicitly waiving any objection. Mr. Baldwin now says that by doing so, and by doing so without discussing the issue with Mr. Baldwin, his attorney provided ineffective assistance. That is not so. A decision on notetaking was unlikely to affect the verdict, and if it did affect the verdict, the lack of notetaking was at least as likely to favor the defense as the prosecution. A decision

on this could properly be made on the spot by the attorney, without consulting with Mr. Baldwin. And even now, viewed with hindsight, there is no reason to believe the lack of notetaking affected the verdict. In sum, on this issue Mr. Baldwin has shown neither deficient performance nor prejudice. The state courts' rejection of his claim was not contrary to or an unreasonable application of federal law or based on an unreasonable determination of the facts.

The trial judge also excused a juror—the only African-American juror—when the prosecutor proffered information about the juror's conversation with coworkers over the lunch break that came after the close of evidence and immediately before closing arguments. Some of the proffered information was never shown to be true. The juror said that coworkers made comments and the juror did not respond. If this is all that happened, it is not clear the juror should or would have been excused. But the prosecutor alleged, with no record support, that the juror said he would not convict. The judge speculated, with no record support, that the juror told the coworkers what the case was about. Mr. Baldwin's attorney argued that the juror should not be excused, but the judge disagreed and excused the juror.

The prosecutor and the judge may not have handled this optimally. But either way, Mr. Baldwin's attorney did all he could—he rendered effective assistance—by objecting to the dismissal of the juror. The state courts' rejection of

the ineffective-assistance claim was not contrary to or an unreasonable application

of federal law or based on an unreasonable determination of the facts.

Rule 11 of the Rules Governing § 2254 Cases requires a district court to

"issue or deny a certificate of appealability when it enters a final order adverse to

the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may

issue "only if the applicant has made a substantial showing of the denial of a

constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack*

*v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893

n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out

the standards applicable to a § 2254 petition on the merits). As the Court said in

*Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a
> substantial showing of the denial of a constitutional right, a
> demonstration that, under *Barefoot*, includes showing that reasonable
> jurists could debate whether (or, for that matter, agree that) the petition
> should have been resolved in a different manner or that the issues
> presented were " 'adequate to deserve encouragement to proceed
> further.' "

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to

obtain a certificate of appealability when dismissal is based on procedural grounds,

a petitioner must show, "at least, that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right and

that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

Mr. Baldwin has not made the required showing. This order thus denies a certificate of appealability. But the order grants leave to proceed in forma pauperis so that Mr. Baldwin may, without regard to the applicable fee, apply to the court of appeals for a certificate of appealability.

For these reasons,

IT IS ORDERED:

1.  The report and recommendation is ACCEPTED.

2.  Leave to file the "supplemental" petition is DENIED.

3.  The clerk must enter judgment stating, "The petition is denied with prejudice."

4.  A certificate of appealability is DENIED.

5.  Leave to proceed on appeal in forma pauperis is GRANTED.

6.  The clerk must close the file.

SO ORDERED on October 11, 2016.

s/Robert L. Hinkle
United States District Judge